UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
PANAM CITY DIVISION

TABITHA MCKENZIE,

    Plaintiff,

v.     Case No. 5:24-cv-109-TKW/MJF

WASHINGTON COUNTY JAIL and
JAMES SKIPPER,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

Upon review of Plaintiff's complaint, the undersigned recommends that this action be dismissed as malicious, under 28 U.S.C. § 1915A(b)(1), for Plaintiff's failure to disclose honestly and accurately her litigation history.

### I. Background

Plaintiff is a prisoner as defined by the Prison Litigation Reform Act of 1995 ("PLRA") Pub. L. No. 104-134, 110 Stat. 1321 (1996). She currently is in the custody of the Jackson County Correctional Facility. Her Jackson County Facility inmate number is "23000958." Doc. 1 at 1.

## II. Discussion

A. <u>Screening Under the PLRA</u>

Courts may "oblige prisoners to supply available information concerning prior lawsuits that concern their incarceration." *In re Epps*, 888 F.2d 964, 969 (2d Cir. 1989). "An action is malicious when a prisoner misrepresents his litigation history on a complaint form requiring disclosure of such history and signs the complaint under penalty of perjury, as such a complaint is an abuse of the judicial process." *Burrell v. Warden I*, 857 F. App'x 624, 625 (11th Cir. 2021). This is true "regardless of whether the Plaintiff's response to the question was knowing or intentional." *Ballard v. Broling*, No. 22-12651, 2023 WL 6799147 at *1 (11th Cir. Oct. 16, 2023). Pursuant to a district court's screening obligation under the PLRA, federal courts are required to dismiss a prison's civil action when it is frivolous, is malicious, or fails to state a claim upon which relief can be granted. 28 U.S.C. § 1915A(b)(1).

B. <u>Plaintiff's Disclosures</u>

Section VIII of the complaint form utilized by Plaintiff seeks information regarding Plaintiff's prior litigation. Doc. 1 at 14. The complaint form expressly warns "***Be advised that failure to disclose***

***all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case."*** *Id.*

The complaint form asks three questions:

A. Have you had any case in federal court, including federal appellate court, dismissed as frivolous, as malicious, for failure to state a claim, or prior to service?

B. Have you filed other lawsuits or appeals in **state or federal court** dealing with the same facts or issues involved in this case?

C. Have you file any other lawsuit, habeas corpus petition, or appeal in **state or federal court** either challenging your conviction or relating to the conditions of your confinement?

*Id.* at 15–16. Additionally, the complaint form instructs that if the plaintiff responded, "yes" to any of these questions, then the plaintiff must disclose <u>all</u> responsive cases. *Id.*

Plaintiff responded "No" to Question A and did not disclose any cases. In response to Questions B and C, Plaintiff responded, "Yes." *Id.* at 16–17. She disclosed the following cases:

- *McKenzie v. Barton*, No. 5:23-cv-178-TKW-MJF (N.D. Fla. July 3, 2023); and

- *McKenzie v. Edenfield*, No. SC 2024 (Fla. 1st DCA) (filed May 21, 2024).

*Id.* Plaintiff signed her name after the following statement: "I declare, under penalty of perjury, that all of the information stated above and included on or with form, including my litigation history, is true and correct." *Id.* at 18–19.

### C. Plaintiff's Omissions

The undersigned takes judicial notice that when Plaintiff filed her complaint, Plaintiff failed to disclose that she filed the following case and appeal:

- *McKenzie v. Barren*, No. 4:23-cv-198-AW-MJF (N.D. Fla.) (dismissed Aug. 28, 2023) (civil rights action dismissed prior to service); and

- *McKenzie v. Barren*, No. 24-11106-G (11th Cir.) (dismissed Apr. 30, 2024).

These cases are responsive to Questions A and C of the complaint form. This civil rights action and appeal are attributable to Plaintiff despite the case and appeal not bearing her Jackson Correctional Facility inmate number. On May 21, 2024, Plaintiff filed a notice of change of address in *McKenzie v. Barren*, No. 4:23-cv-198-AW-MJF. In the Notice filed in that case, Plaintiff stated that she had filed five federal lawsuits,[1] including

---

[1] Several of these cases bear Plaintiff's Jackson County Correctional Facility inmate number.

*McKenzie v. Barton*, No. 5:23-cv-178-TKW-MJF (N.D. Fla. July 3, 2023). ECF No. 75 at 1. In this current case, Plaintiff listed *McKenzie v. Barton* in response to the complaint form's questions about her prior litigation history. Doc. 1 at 16.

Because Plaintiff failed to disclose *at least two* cases, Plaintiff violated her duty of candor to the District Court. *See Kendrick v. Sec'y, Fla. Dep't of Corr.*, No. 21-12686, 2022 WL 2388425, at *3 (11th Cir. July 1, 2022) (noting that *pro se* litigants "owe the same duty of candor to the court as imposed on any other litigant").

**D.    The Materiality of Plaintiff's Omissions**

Courts have recognized that information regarding a plaintiff's litigation history is useful to federal courts:

> [I]t allows efficient consideration of whether the prisoner is entitled to pursue the current action under the "three strikes" provision of the [PLRA]; it allows consideration of whether the action is related to, or otherwise should be considered in conjunction with or by the same judge who presided over, another action; it allows consideration of whether any ruling in the other action affects the prisoner's current case. All of these things are appropriately considered in connection with the preliminary review of such a complaint under the [PLRA].

*Spires v. Taylor*, No. 3:00-cv-249-RH, Order of Dismissal, Doc. 10 (N.D. Fla. Oct. 27, 2000). Also, this "information may assist a court in

identifying suits that are repetitious of prior or pending lawsuits and hence frivolous." *In re Epps*, 888 F.2d at 969; *see Bilal v. Driver*, 251 F.3d 1346, 1350 (11th Cir. 2001) (noting that, in assessing frivolousness, courts may consider "a litigant's history of bringing unmeritorious litigation"). Additionally, because prisoner-plaintiffs generally proceed *pro se*, information regarding a plaintiff's litigation history assists district courts in determining the plaintiff's experience and familiarity with the legal terrain.

"Federal courts have both the inherent power and the constitutional obligation to protect their jurisdiction from conduct which impairs their ability to carry out Article III functions." *Procup v. Strickland*, 792 F.2d 1069, 1073 (11th Cir. 1986) (per curiam); *In re Martin-Trigona*, 737 F.2d 1254, 1261–62 (2d Cir. 1984). Courts also have "a responsibility to prevent single litigants from unnecessarily encroaching on the judicial machinery needed by others." *Procup*, 792 F.2d at 1074. Requiring prisoner-plaintiffs to divulge their record of litigation serves all of these compelling interests. Thus, to conserve judicial resources and effectively manage their dockets, courts may require prisoner-plaintiffs to disclose their litigation history. *See Smith v. Psychiatric Sols., Inc.*, 750 F.3d 1253,

1262 (11th Cir. 2014) (noting that district courts have "unquestionable authority to control their own dockets; this authority includes broad discretion in deciding how best to manage the cases before them").

The time that district courts expend to verify the cases a plaintiff has filed but failed to identify can be considerable. This is especially true in this case where a plaintiff has filed a substantial number of cases. When courts cannot rely on the statements or responses made by parties, the quality of justice is threatened. Courts, therefore, cannot tolerate false or misleading responses in pleadings or motions.

Here, Plaintiff falsely responded to questions on the complaint form as detailed above. Plaintiff knew from reading the complaint form that she was required to disclose all prior cases and appeals. Doc. 1 at 14. She also was aware that the penalty for failing to disclose his prior litigation history was dismissal. *Id.* ("***[F]ailure to disclose all prior state and federal cases—including, but not limited to civil cases, habeas cases, and appeals—may result in the dismissal of this case.***").

There is no excuse for Plaintiff's failure to respond truthfully to the questions on the complaint form. The questions were straightforward and easily understandable. *See Kendrick*, 2022 WL 2388425, at *3 (noting

that the questions on the court-form are not complicated and a plaintiff's *pro se* status was not an excuse for failing to honestly answer the straightforward questions).

To the extent she could not remember fully her litigation history or was unsure whether to disclose these cases, Plaintiff could have indicated that on the complaint. *See* Doc. 1 at 14 (advising litigants to err on the side of caution about disclosing cases). She did not. Rather, she affirmatively stated that she had only filed one lawsuit in federal court.

Furthermore, it would strain credulity that Plaintiff simply forgot this case and appeal. As noted above, on May 21, 2024—only *nine days before* commencing this lawsuit—Plaintiff filed a notice of change of address in *McKenzie v. Barren*, No. 4:23-cv-198-AW-MJF (N.D. Fla.). In that notice of change of address, Plaintiff listed a total of **five** federal lawsuits (including the case name, whether the case was still open, and the judges assigned to the case) that she had filed prior to May 21, 2024. Notice of Address Change, *McKenzie v. Barren*, No. 4:23-cv-198-AW-MJF, ECF No. 75 at 1. Yet, inexplicably, nine days later, Plaintiff stated she had only filed one federal case.

## E.     The Appropriate Sanction is Dismissal Without Prejudice

A penalty is warranted both to deter Plaintiff from such conduct and to deter others from similar misrepresentations and material omissions. *See Jones v. Warden of Statesville Corr. Ctr.*, 918 F. Supp. 1142, 1151 (N.D. Ill. 1995) ("The knowing failure of a pro se litigant to admit to the filing of prior related complaints in answer to the questions on the civil rights complaint form is conduct subject to sanctions by the court.").

"[F]ailure to comply with court rules requiring disclosures about a plaintiff's previous litigation constitutes an abuse of the judicial process warranting dismissal." *Sears v. Haas*, 509 F. App'x 935, 936 (11th Cir. 2013). Federal courts cannot let false responses to go unpunished. Dismissal without prejudice is an appropriate sanction for Plaintiff's abuse of the judicial process in not providing the District Court with true statements or responses. Because Plaintiff is alleging that the incident giving rise to her claims occurred in April 2023, Florida's four-year statute of limitations likely would not preclude Plaintiff from refiling this action in the near future. *Shelton v. Rohrs*, 406 F. App'x 340, 341 (11th Cir. 2010).

## F. <u>No Lesser Sanction Would Suffice</u>

No lesser sanction would suffice to deter plaintiff's conduct. For example, providing Plaintiff yet another opportunity to amend his complaint to disclose the previous lawsuits would equate to overlooking his mendacity and his abuse of the judicial process, because that course of action would entail no penalty. *See Young v. Sec'y for Dep't of Corr.*, 380 F. App'x 939, 940–41 (11th Cir. 2010) (holding that district court did not abuse its discretion by denying leave to amend the complaint so that the plaintiff could disclose lawsuits that should have been disclosed initially). Insofar as Plaintiff already is incarcerated, a mere admonition or a finding of contempt would not deter Plaintiff or other prisoners from making false representations to the court. Dismissal without prejudice would serve as a warning to Plaintiff and others that future misrepresentations to courts might result in more substantial sanctions. *See Warren v. Guelker*, 29 F.3d 1386, 1389 (9th Cir. 1994) (per curiam).

### III. CONCLUSION

For the reasons set forth above, the undersigned respectfully **RECOMMENDS** that the District Court:

1. **DISMISS** this case without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1), for maliciousness and abuse of the judicial process.

2. **DIRECT** the clerk of the court to close this case.

At Pensacola, Florida, this <u>24th</u> day of June, 2024.

/s/ *Michael J. Frank*
**Michael J. Frank**
**United States Magistrate Judge**

### NOTICE TO THE PARTIES

**The District Court referred this case to the undersigned to address preliminary matters and to make recommendations regarding dispositive matters.** *See* **N.D. Fla. Loc. R. 72.2;** *see also* **28 U.S.C. § 636(b); Fed. R. Civ. P. 72(b). Objections to these proposed findings and recommendations must be filed within fourteen (14) days of the date of the report and recommendation. <u>Any different deadline that may appear on the electronic docket is for the court's internal use only and does not control.</u> An objecting party must serve a copy of the objections on all other parties. A party who fails to object to the magistrate judge's findings or recommendations contained in a report and recommendation waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.** *See* **11th Cir. Rule 3-1; 28 U.S.C. § 636. The parties also are advised that if they dispute the accuracy of any facts taken from judicially-noticed documents, or if they otherwise wish to be heard on the propriety of the court taking judicial notice of those facts, they must raise this issue in an objection to this report and recommendation.**